**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 08-cv-00533-REB-CBS

PRESTON LAND COLEMAN,

    Plaintiff,

v.

EXXON MOBIL CORPORATION, a New Jersey corporation,

    Defendant.

## ORDER GRANTING EXXON'S MOTION FOR SUMMARY JUDGMENT

**Blackburn, J.**

    The matter before me is **Exxon's Motion for Summary Judgment** [#10], filed September 30, 2009. I grant the motion and dismiss plaintiff's claims as time-barred.

### I. JURISDICTION

    I have jurisdiction over this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

    Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. **FED.R.CIV.P.** 56(c); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d

1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); **Farthing**, 39 F.3d at 1134.

A movant who bears the burden of proof at trial must submit evidence to establish every essential element of its claim or affirmative defense.  **See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation**, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1518 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995).  All the evidence must be viewed in the light most favorable to the party opposing the motion.  **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999).

### III.  ANALYSIS

This action involves interests in certain unpatented oil shale mining claims located in western Colorado.  The facts underlying plaintiff's claims in this lawsuit are set forth in great detail in prior federal court decisions addressing the same mining claims at issue here and need not be repeated at length.  **See Exxon Mobil Corp. v. Norton**, 206 F.Supp.2d 1085, 1087-88 (D. Colo. 2002), **aff'd**, 346 F.3d 1244, 1246-48 (10th Cir. 2003), **cert. denied**, 124 S.Ct. 1606 (2004).  For present purposes, it is sufficient to recite that the Tenth Circuit upheld the determination of an administrative law judge that the subject claims were null and void for failure to comply with the annual

assessment requirements of 30 U.S.C. § 28.  The United States Supreme Court denied defendant's petition for *certiorari* on March 8, 2004, and defendant, in turn, informed plaintiff's representative of that fact on March 15, 2004.

Plaintiff filed this litigation in Colorado state court on August 23, 2007, alleging claims for relief for breach of contract; misrepresentation, concealment, and deceit; and breach of fiduciary duty.  Defendant now moves for summary judgment on the ground, *inter alia*, that plaintiff's claims are barred by the applicable statutes of limitations.  Plaintiff has not filed a response to the motion.  Although such failure does not entitle defendant to a "default" summary judgment, **see Murray v. City of Tahlequah, Oklahoma**, 312 F.3d 1196, 1200 (10th Cir. 2002), I find that the uncontroverted facts entitle defendant to summary judgment.

Each of plaintiff's six putative claims is governed by a three-year statute of limitations.  **See** §§13-80-101(1)(a), (1)(c), & (1)(f), C.R.S.  These claims, therefore, must have been brought "within three years after the cause of action accrues, and not thereafter."  §13-80-101(1), C.R.S.  Moreover, each of plaintiff's claims is considered to "accrue on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence."  **See** §§13-80-108(3), (6), & (8), C.R.S.  **See Polk v. Hergert Land & Cattle Co.**, 5 P.3d 402, 405 (Colo.App. 2000) (cause of action for breach of fiduciary duty subject to "catch all" accrual statute of 13-80-108(8)).

Plaintiff has admitted that her personal representative received notice of the Supreme Court's denial of *certiorari* on the case litigating the validity of the underlying

mining claims on March 15, 2004.  (**See** Def. Motion App., Exh. A-2 ¶ 2 at 1;[1] **see also id.**, Exh. A-3 at 2 (power of attorney for personal representative).)  Therefore, although they may well have accrued much earlier, plaintiff's claims in this lawsuit accrued at the latest by March 15, 2004.  This lawsuit was filed more than three years after that date.  Accordingly, plaintiff's claims are barred by limitations, and defendant is entitled to summary judgment in its favor on that basis.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Exxon's Motion for Summary Judgment** [#10] filed September 30, 2009, is **GRANTED**;

2.  That plaintiff's claims against defendant are **DISMISSED WITH PREJUDICE**;

3.  That judgment **SHALL ENTER** for defendant, Exxon Mobil Corp., against plaintiff, Preston Land Coleman, as to all claims for relief and causes of action asserted in this action;

4.  That the Trial Preparation Conference currently scheduled for Friday, June 4, 2010, at 2:00 p.m., as well as the trial currently scheduled to commence on Monday June 21, 2010, are **VACATED**; and

5.  That defendant is **AWARDED** its costs, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

---

[1] Plaintiff failed to timely respond to defendant's requests for admissions.  Therefore, the matters are deemed admitted.  **FED.R.CIV.P.** 36(a)(3).

Dated November 23, 2009, at Denver, Colorado.

                                              **BY THE COURT:**

                                              */s/ Robert E. Blackburn*
                                              Robert E. Blackburn
                                              United States District Judge